**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Jean Pierre DeANDINO,
Defendant–Appellee.**

**No. 91–5895.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 19, 1992.

Decided March 3, 1992.

Joseph M. Whittle, U.S. Atty., Randy W. Ream, Asst. U.S. Atty., Terry Cushing, Asst. U.S. Atty. (briefed), Louisville, Ky., Sean Connelly (argued), U.S. Dept. of Justice, Crim. Div., Washington, D.C., for U.S.

C. Fred Partin (briefed), Alan S. Rubin (argued), Louisville, Ky., for Jean Pierre DeAndino.

Before MARTIN and MILBURN, Circuit Judges and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

The appellant, the United States of America, contests the district court's dismissal of the indictment as insufficient. The indictment alleged that appellee, Jean Pierre DeAndino, violated 18 U.S.C. § 875(c) because he "did knowingly and willfully transmit in interstate commerce ... a communication containing a threat to injure." For the following reasons, we reverse the decision of the district court and find that the indictment is sufficient.

## I.

On November 19, 1990, an indictment was returned in the United States District Court for the Western District of Kentucky, charging appellee, Jean Pierre DeAndino, with violation of 18 U.S.C. § 875(c). The indictment read as follows:

On or about the 21st day of October, 1990, in the Western District of Kentucky, Jefferson county, Kentucky, and elsewhere, JEAN PIERRE DeANDINO, defendant herein, did knowingly and willfully transmit in interstate commerce between Washington, District of Columbia, and Louisville, Commonwealth of Kentucky, a communication containing a threat to injure Nelson Baker, to wit, that JEAN PIERRE DeANDINO was, "going to blow his brains out" and he was "going to die."

In violation of Title 18, United States Code, Section 875(c).

The indictment tracked the language of the statute, 18 U.S.C. § 875(c), which reads as follows:

Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

Appellee moved to dismiss the indictment as flawed, because it did not allege that he possessed a specific intent to threaten. The district court found that the indictment was flawed and dismissed it. The district court held that section 875(c) "defines a specific intent crime," and an indictment for such a crime "must charge that the defendant knowingly and willfully threatened or intended to threaten." Joint Appendix at 9–10. The court found that the indictment charging DeAndino was insufficient, because it "charges only that the defendant knowingly and willfully transmitted a communication containing a threat." *Id.*

The United States timely appealed the dismissal, arguing that section 875(c) defines a general intent crime, not a specific intent crime, in regard to the threat element of the offense, and the indictment was therefore sufficient.

## II.

An indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as 'those words ... fully, directly, and expressly ... set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). A criminal statute such as 18 U.S.C. § 875(c) does

not contain a specific mens rea element. However, such a statute is not presumed to create a strict liability offense, because "mere omission [from the statute] of any mention of intent will not be construed as eliminating that element from the crime denounced." *Morissette v. United States,* 342 U.S. 246, 263, 72 S.Ct. 240, 250, 96 L.Ed. 288 (1952). In other words, the prosecution bears the burden of proving that the defendant *"knowingly* committed an act which the law makes a crime." *United States v. Bailey,* 444 U.S. 394, 407, 100 S.Ct. 624, 663, 62 L.Ed.2d 575 (1980).

In the present case, the indictment tracked the statutory language and stated that it is a crime to "transmit in interstate commerce ... a communication containing a threat" and added the words "knowingly" and "willfully" before the word "transmit" to indicate that the defendant's act must be "knowing"—in other words, he cannot be prosecuted for mistakenly or inadvertently transmitting a communication containing a threat to injure.

There are three elements of the offense defined by 18 U.S.C. § 875(c). There must be: (1) a transmission in interstate commerce; (2) a communication containing a threat; and (3) the threat must be a threat to injure the person of another.

The issue in the present case is whether the second element—"the communication containing a threat"—requires general intent or specific intent. If the statute contains a general intent requirement in regard to the threat element of the offense, the standard used to determine whether or not the communication contained an actual threat is an objective standard, i.e., would a reasonable person consider the statement to be a threat. If the statute contains a specific intent requirement, the standard is a subjective standard, i.e., did the particular defendant have the subjective knowledge that his statement constituted a threat to injure and did he subjectively intend the statement to be a threat.

In regard to the present case, if the threat element of section 875(c) has a mens rea requirement of general intent, whether the communication is a "true threat," and

hence criminal, would not be determined by probing DeAndino's subjective purpose, but instead would be determined objectively from all the surrounding facts and circumstances. *See United States v. Vincent,* 681 F.2d 462, 464 (6th Cir.1982) (applying "objective" standard under which inquiry in section 871 threat prosecutions is whether a reasonable person would have taken the defendant's statement as "a serious expression of an intention to inflict bodily harm"); *United States v. Lincoln,* 462 F.2d 1368, 1369 (6th Cir.) (in rejecting argument that section 871 requires that a defendant have willfully intended to carry out the threat, court agreed with all other circuits that statute applies where the "defendant intentionally make[s] a statement, written or oral, in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression" of a threat to injure), *cert. denied,* 409 U.S. 952, 93 S.Ct. 298, 34 L.Ed.2d 224 (1972).

If the statute at issue in the present case has a heightened mens rea requirement of specific intent in regard to the threat element of the offense, the question of whether or not the alleged threat is a "true threat" would be determined by probing DeAndino's subjective purpose in making the statement. The district court found specific intent was required, and that in order to properly designate the elements of the offense, the indictment would have to specify that the defendant *knowingly* threatened his victim. We disagree with the district court's conclusion that section 875(c) requires specific intent.

In *United States v. Brown,* 915 F.2d 219, 225 (6th Cir.1990), this court has taken the position that "a general rule of construction of criminal statutes provides that where a statute does not specify a heightened mental element such as specific intent, general intent is *presumed* to be the required element" (emphasis added). According to the rationale of *Brown,* because the language of section 875(c) does not expressly require a heightened mental ele-

ment in regard to the "communication containing a threat," it is presumed that the statute requires general intent. Although *Brown* did not deal with a statute containing a threat, the presumption we articulated in *Brown* that unless there is evidence to the contrary, criminal statutes require general intent is in accord with other courts that have analyzed statutes containing a "threat" as an element of the offense. *See United States v. Bozeman,* 495 F.2d 508, 510 (5th Cir.1974) (a conviction under 18 U.S.C. § 875(c) requires proof that the threat was made knowingly and intentionally), *cert. denied,* 422 U.S. 1044, 95 S.Ct. 2660, 45 L.Ed.2d 696 (1975); *United States v. LeVison,* 418 F.2d 624, 626 (9th Cir.1969) ("a general intent to threaten is an essential element of the crime"); *United States v. Holder,* 302 F.Supp. 296, 300 (D.Montana 1969) (it is sufficient to establish knowing intent to *communicate* a threat to injure), *aff'd by,* 427 F.2d 715 (9th Cir.1970).

In regard to the present case, although a general intent to threaten is an essential element of the offense, *see United States v. LeVison,* 418 F.2d at 626, there is nothing in the language of the statute or legislative history to indicate that Congress intended that there be a heightened mens rea requirement in regard to the threat element or to indicate that the prosecution has to prove a specific intent to threaten based on the defendant's subjective purpose. Therefore, the rationale of *Brown* that criminal statutes are presumed to require general intent applies.

For this reason, the district court erred in finding that in addition to stating a knowing intent to transmit a communication containing a threat, the indictment also had to indicate a specific intent to threaten. The district court relied on a Ninth Circuit opinion, *United States v. Twine,* 853 F.2d 676 (9th Cir.1988), in reaching this conclusion. We find that the reasoning of *Twine* is flawed. The *Twine* court held that a specific intent requirement is necessary in regard to the threat element of section 875(c) in order "to insure that a defendant would not be convicted for an act because of mistake, inadvertence, or other innocent

reason." *Id.* at 680. However, these defenses may be raised for crimes of general intent as well as for crimes of specific intent. Even if a statute containing the word "threat" has only a general intent requirement, the prosecution must still prove that the threat is a "real threat" as opposed to a mistake or inadvertant statement. Moreover, the reasoning in *Twine* that a heightened mens rea element is required is contrary to the presumption of this circuit in *United States v. Brown* that a criminal statute requires general intent unless there is specific evidence to the contrary in the statute or legislative history. The district court also believed the present case was controlled by this court's decision in *United States v. Heller,* 579 F.2d 990 (6th Cir.1978). We do not agree. *Heller* involved 18 U.S.C. § 875(a), which defines a crime separate and distinct from that defined in § 875(c), and did not address the issue of specific intent to threaten.

The district court also stated that because intent is a vital issue in a prosecution under section 875(c), it logically follows that there must be a specific intent to threaten. Although the issue of whether or not DeAndino's alleged threat is a "real threat" will be a vital one in a prosecution under § 875(c), it is a vital issue regardless of whether specific intent or general intent is required. The difference between a specific intent and general intent crime involves the way in which the intent is proved—whether by probing the defendant's subjective state of mind or whether by objectively looking at the defendant's behavior in the totality of the circumstances. *See United States v. Hoffman,* 806 F.2d 703, 707 (7th Cir.1986) (government must establish that a "true threat" was made under such circumstances wherein a reasonable person would perceive that the statement would be interpreted as a threat), *cert. denied,* 481 U.S. 1005, 107 S.Ct. 1627, 95 L.Ed.2d 201 (1987).

To conclude, we believe the district court erred in holding that a sufficient indictment under 18 U.S.C. § 875(c) must charge that the defendant "knowingly and willfully threatened or intended to threaten." Spe-

cific intent is not an express element of section 875(c) according to the plain words of the statute. The general intent presumed by this court in *United States v. Brown* to be required for a violation of most criminal statutes is sufficiently indicated in the indictment as it now stands, which tracks the language of the statute. Therefore, the judgment of the district court is hereby REVERSED. Section 18 U.S.C. § 875(c) does not require specific intent in regard to the threat element of the offense, but only general intent. The case is REMANDED to the district court for proceedings consistent with this opinion.