**UNITED STATES of America, Appellant,**

v.

**Michael FRANCIS, Defendant–Appellee.**

**Docket No. 97–1531.**

United States Court of Appeals,
Second Circuit.

Argued May 21, 1998.

Decided Jan. 7, 1999.

Jane A. Levine, Assistant United States Attorney for the Southern District of New York, New York City (Mary Jo White, United States Attorney, Ira M. Feinberg, Assistant United States Attorney, of counsel), for Appellant.

Mark E. Goidell, Galasso, Langione & Goidell, Melville, New York, for Defendant–Appellee.

Before: WINTER, Chief Judge, CALABRESI, Circuit Judge, and KNAPP, District Judge.*

WINTER, Chief Judge.

The United States appeals from Judge Sweet's dismissal of a one-count indictment charging Michael Francis with interstate transmission of a threat to injure another person in violation of 18 U.S.C. § 875(c). The indictment charged Francis with interstate transmission of threats to "blow the victim's head off, cut the victim up into a thousand tiny pieces, slit the victim's throat, and kill the victim." Judge Sweet dismissed the indictment because "the government failed to charge that Francis subjectively knew or intended his communication to be threatening." *United States v. Francis*, 975 F.Supp. 288, 296 (S.D.N.Y.1997). We reverse.

Section 875(c) provides that "[w]hoever transmits in interstate or foreign commerce any communication containing . . . any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c). Although the statute does not mention intent or willfulness, intent is of course an element of the crime. *See Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952). However, absent any express reference to intent, we would generally presume that proof only of "general" rather than of "specific" intent is required. *See United States v. Myers*, 104 F.3d 76, 81 (5th Cir.) *cert. denied,* — U.S. ——, 117 S.Ct. 1709, 137 L.Ed.2d 834 (1997); *United States v. Martinez*, 49 F.3d 1398, 1401 (9th Cir.1995) *cert. denied,* 516 U.S. 1065, 116 S.Ct. 749, 133 L.Ed.2d 696 (1996); *United States v. DeAndino*, 958 F.2d 146, 148–49 (6th Cir.1992); *United States v. Lewis*, 780 F.2d 1140, 1142–43 (4th Cir.1986). In the case of general-intent crimes, the government need prove only that the defendant intended to do the act in question and intended the reasonable and probable consequences of that act. *See United States v. Cangiano*, 491 F.2d 906, 910 (2d Cir.1974). The government would not need to prove that the defendant intended to violate the law or to bring about some specific result. *See, e.g., United*

---

* The Honorable Whitman Knapp, of the United States District Court for the Southern District of New York, sitting by designation.

*States v. Gonyea,* 140 F.3d 649, 653 (6th Cir.1998).

There is nothing in the language or legislative history of Section 875(c) suggesting that Congress intended it to be a specific-intent crime. Moreover, every circuit to have addressed the question, with the exception of the Ninth, has construed Section 875(c) as a general-intent crime. *See United States v. Whiffen,* 121 F.3d 18, 21 (1st Cir.1997); *Myers,* 104 F.3d at 81; *United States v. Himelwright,* 42 F.3d 777, 782–83 (3d Cir. 1994); *United States v. Darby,* 37 F.3d 1059, 1063–66 (4th Cir.1994); *DeAndino,* 958 F.2d at 149.[1] *But see United States v. Twine,* 853 F.2d 676, 680 (9th Cir.1988) ("the showing of an intent to threaten, required by §§ 875(c) and 876, is a showing of specific intent"); *see also United States v. King,* 122 F.3d 808, 809–10 (9th Cir.1997) (reaffirming *Twine*); *United States v. Calvert,* No. 89 CR. 0006(CSH), 1990 WL 33592, at *4 (S.D.N.Y. Mar.23, 1990) (18 U.S.C. § 876 requires proof of intent to threaten). Although we have not considered the precise issue now before us, we have held that 18 U.S.C. §§ 871(a) and 879(a),[2] which contain language similar to that in Section 875(c), are general-intent crimes and, therefore, do not require that the government prove "that the speaker intend his threats to be taken seriously." *United States v. Johnson,* 14 F.3d 766, 769 (2d Cir. 1994).[3]

The district court acknowledged the presumption that Section 875(c) is a general-intent crime but believed that "the heightened First Amendment concerns raised by a statute that proscribes pure speech warrant a departure from that presumption in this instance." *Francis,* 975 F.Supp. at 295. We disagree. In *Watts v. United States,* 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969) (per curiam), a case arising under 18 U.S.C. § 871, the Supreme Court noted that statutes criminalizing "a form of pure speech[] must be interpreted with the commands of the First Amendment clearly in mind. What is a threat must be distinguished from what is constitutionally protected speech." 394 U.S. at 707, 89 S.Ct. 1399. In *Watts,* the petitioner, speaking at a public rally near the Washington Monument, expressed his unwillingness to serve in Vietnam: "I am not going. If they ever make me carry a rifle the first man I want to get in my sights is L.B.J." *Id.* at 706, 89 S.Ct. 1399 (internal quotation marks omitted). The Court concluded that, "[t]aken in context, and regarding the expressly conditional nature of the statement and the reaction of the listeners [who responded with laughter]," the "kind of political hyperbole indulged in by petitioner" was merely "a kind of very crude offensive method of stating a political opposition to the President," and was not a true threat. *Id.* at 708, 89 S.Ct. 1399.

*Watts* did not fashion a bright-line test for distinguishing a true threat from protected speech. However, in *United States v. Kelner,* 534 F.2d 1020 (2d Cir.1976), we reviewed a conviction under Section 875(c) for threatening to kill Yasser Arafat upon Arafat's arrival in New York. On appeal, Kelner argued that his statement did not fall within the scope of Section 875(c) because it was, under *Watts,* political hyperbole rather than a true threat and because he did not have a specific intent to carry out the threat. In

---

1. We express no view on the position that general intent would be appropriate in the absence of a *Kelner*-like limitation. *See United States v. Kelner,* 534 F.2d 1020 (2d Cir.1976).

2. Section 871(a) provides in relevant part: "Whoever knowingly and willfully deposits for conveyance in the mail ... any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States ..., or knowingly and willfully otherwise makes any such threat against the President ..., shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 871(a). Section 879(a) contains similar language, imposing penalties and imprisonment on "[w]hoever knowing-ly and willfully threatens to kill, kidnap, or inflict bodily harm" on, *inter alia,* a former President or a member of his immediate family. 18 U.S.C. § 879(a).

3. Indeed, we arrived at our conclusion in *Johnson* notwithstanding a "problematic" portion of the legislative history indicating that Section 879 requires "some evidence that the maker intended the statement to be a threat." 14 F.3d at 771 (quoting H.R.Rep. No. 97–725, at 4 (1982), *reprinted in* 1982 U.S.C.C.A.N. 2624, 2626) (internal quotation marks omitted). The legislative history of Section 875 does not raise similar concerns.

rejecting the latter claim as a defense, we noted that *Watts* did not hold that a conviction under Section 871 would violate the First Amendment absent proof of a specific intent to carry out the threat. *See Kelner*, 534 F.2d at 1026. We held that First Amendment concerns are satisfied by construing "the word 'threat' to exclude statements which are, when taken in context, not 'true threats' because they are conditional and made in jest." *Id.* This limitation, we noted, "satisfies First Amendment concerns as fully as would ... [the] requirement that specific intent to carry out the threat be proven." *Id.; see also United States v. Sovie*, 122 F.3d 122, 125 (2d Cir.1997) (not necessary for government to prove that defendant " 'had a specific intent or a present ability to carry out his threat' " (quoting *Kelner*, 534 F.2d at 1023)).

As to Kelner's assertion that his statement was "mere political hyperbole," the majority concluded that Kelner's statement was not protected speech but was instead a "true threat." In reaching this conclusion, the majority applied the following test:

> So long as the threat on its face and in the circumstances in which it is made is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution, the statute may properly be applied.

*Kelner*, 534 F.2d at 1027. Once a statement meets this test, it is no longer protected speech because it is so intertwined with violent action that it has essentially become conduct rather than speech. See *id.*

The test set forth in *Kelner* fully satisfies the First Amendment concerns that prompted the district court in the instant case to graft a specific-intent requirement onto Section 875(c). Because under *Kelner* the statute criminalizes only "true threats," there

are no First Amendment concerns that require departure from the principle that a statute that does not specify a *mens rea* level requires only general intent.

■■■ Accordingly, under Section 875(c), the government need prove only that the defendant intentionally transmitted a communication in interstate commerce and that the circumstances were such that an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury. *See Sovie*, 122 F.3d at 125 (citing *United States v. Malik*, 16 F.3d 45, 49 (2d Cir.1994)).[4] Because the government need not prove that a defendant intended his communication to be threatening, it follows that the indictment is adequate.

We therefore reverse.

---

4. We have routinely used the term "true threat" in setting forth the second element of the crime. *See, e.g., Sovie*, 122 F.3d at 125. While we continue to do so, we note that the question of whether a defendant's communication is a true threat rather than speech protected by the First Amendment—a threshold question of law for the court, *see Kelner*, 534 F.2d at 1025 (whether statement is true threat rather than "mere political hyperbole" is question of law)—is different from the question of whether a reasonable person would interpret the communication as a true threat—a question for the jury at trial, *see Malik*, 16 F.3d at 49. *See generally* Robert Kurman Kelner, *United States v. Jake Baker: Revisiting Threats and the First Amendment*, 84 Va. L.Rev. 287 (1998).