**UNITED STATES of America,**

v.

**Xiang LI, Defendant.**

**No. 5:07–CR–272.**

United States District Court,
N.D. New York.

March 20, 2008.

Michael J. Vavonese, Esq., Syracuse, NY, for Defendant.

Hon. Glenn T. Suddaby, Office of the United States Attorney, John G. Duncan, Esq., Assistant United States Attorney, of Counsel, Syracuse, NY, for the United States of America.

## MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

### I. INTRODUCTION

Defendant Xiang Li ("defendant") is charged with nine counts of knowingly transmitting in interstate commerce via e-mail a threat to kill or injure the person of another, and three counts of knowingly transmitting in interstate commerce via the telephone lines a threat to kill or injure the person of another, all in violation of 18 U.S.C. § 875(c).

Defendant moves (A) to dismiss the Indictment or, alternatively, certain counts contained therein; and (B) to suppress evidence seized during the execution of a search warrant. The United States of America ("Government") opposes. The motion was taken on submission without oral argument.

### II. FACTS

Prior to the start of the 2005–06 academic year, defendant was appointed to a temporary teaching position in the Computer Information Technology Department at Morrisville State College in Morrisville, New York ("College"). In May 2006, the College advised defendant that his temporary appointment would not be renewed at the end of the academic year, citing poor job performance and inappropriate conduct. Shortly thereafter, the College received reports that defendant made threatening statements to College faculty and administrators and promptly prohibited him from setting foot on campus. Defendant then moved outside of New York State.

According to the Indictment, from August 2006 until March 2007, defendant sent emails and made telephone calls in interstate commerce threatening to kill College faculty and administrators, as well as their family members. Specifically, the Indictment alleges the following:

On August 14, 2006, defendant sent an email to Kim Mills ("Mills"), Chairman of the College's Computer Information Technology Department, stating "Either you lose or Die, there is no way you will win and LIVE." (Count One.)

On September 26, 2006, defendant sent an email to James C. VanRiper ("VanRiper"), Vice President of the College, stating "Van Ripper: You made a mistake. You will die hard. Your demie." (Count Two.)

On the same day, defendant sent another email to Mills stating "How long is your penis? You will lose it and then you will die." (Count Three.)

The next day, defendant sent an email to David E. Rodger, Dean of the College, stating "You will die soon, mother fucker. But you will watch your son die first." (Count Four.)

On October 29, 2006, defendant sent an email to Frederick Paine, a professor at the College, stating "You are on the death list!" (Count Five.)

On December 21, 2006, defendant sent an email to Mills stating "You will die this Christmas." (Count Six.)

The next day, defendant telephoned Mills at his home and said to his wife "You die." (Count Seven.)

On December 25, 2006, defendant telephoned Mills on his cell phone and said "You asshole motherfucker, you die." (Count Eight.)

On January 15, 2007, defendant sent an email to Mills stating "I want you to suffer the hardest death, asshole!!!!" (Count Nine.)

On March 9, 2007, defendant telephoned Gregory Tyler, a professor at the College, and said "I will kill you." (Count Ten.)

On March 12, 2007, defendant sent an email to Mills stating "If I don't kill you myself, I am not a man." (Count Eleven.)

Finally, on March 12, 2007, defendant sent an email to VanRiper stating "Do you think [the Morrisville Police] can protect you from a man who wants to die and want to kill you? Asshole, for sure you will be killed by such a man." (Count Twelve.)

On March 16, 2007, the Government filed a complaint charging defendant with knowingly transmitting in interstate commerce via e-mail and the telephone lines a threat to kill or injure the person of another in violation of 18 U.S.C. § 875(c).

On March 23, 2007, Federal Bureau of Investigation ("FBI") Task Force Office Rick Dean ("Dean") applied for a warrant to search 6110 Beech Drive, Apartment B, Indianapolis, Indiana 46224. In a supporting affidavit ("Dean affidavit"), Dean stated that on March 1, 2007, he conducted a search of the public records database LexisNexis in an attempt to find defendant's address. Dean stated in the affidavit that he entered defendant's name, date of birth, and social security number into the database and it showed defendant's address as 6110 Beech Drive, Apartment B, Indianapolis, Indiana 46224. Dean further stated in the affidavit that he was notified by an employee of the New York State Department of Labor that that agency was mailing defendant's unemployment payments to 6110 Beech Drive, Apartment B, Indianapolis, Indiana 46224. The magistrate found that there was probable cause to search 6110 Beech Drive, Apartment B, Indianapolis, Indiana 46224, and issued a

search warrant. The FBI searched the premises at 6110 Beech Drive, Apartment B, Indianapolis, Indiana 46224, and seized evidence related to the charges in the Indictment.

On June 13, 2007, a grand jury indicted defendant on nine counts of knowingly transmitting in interstate commerce via e-mail a threat to kill or injure the person of another, and three counts of knowingly transmitting in interstate commerce via the telephone lines a threat to kill or injure the person of another, all in violation of 18 U.S.C. § 875(c).

## III. *DISCUSSION*

### A. *Motion to Dismiss*

Defendant moves to dismiss the Indictment on the ground that none of the twelve counts contained therein sufficiently allege that defendant transmitted a "true threat" under 18 U.S.C. § 875(c). Alternatively, defendant moves to dismiss Counts *Seven, Eight,* and *Ten,* on the ground that none of those counts sufficiently alleges that any threats were transmitted in interstate commerce.[1]

The statute provides: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c).

#### 1. *"True Threat"*

 In order to reconcile the criminalization of certain communications under

---

1. Defendant originally moved to dismiss the Indictment on the ground that the Indictment does not sufficiently allege that defendant had the required mental state. However, defendant has since acknowledged in a supplemental memorandum of law that a violation of 18 U.S.C. § 875(c) is a general-intent crime, not a specific-intent crime, thereby conceding that point. To the extent that defendant's supplemental memorandum of law does not concede that point, defendant's motion to dismiss the Indictment on that ground will be denied because the Indictment sufficiently alleges that defendant had the required mental state.

18 U.S.C. § 875(c) with the protections afforded to certain types of speech under the First Amendment, the aforementioned statute's prohibition is limited to "true threats"; that is, threats that are "so intertwined with violent action that [they have] essentially become conduct rather than speech." *United States v. Francis,* 164 F.3d 120, 123 (2d Cir.1999) (citing *United States v. Kelner,* 534 F.2d 1020, 1027 (2d Cir.1976)). A threat is a "true threat" and, therefore, violative of 18 U.S.C. § 875(c) "[s]o long as the threat on its face and in the circumstances in which it is made is so unequivocal, unconditional, immediate, and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution, the statute may properly be applied." *Kelner,* 534 F.2d at 1027. Put another way, "the government need prove only that the defendant intentionally transmitted a communication in interstate commerce and that the circumstances were such that an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury." *Francis,* 164 F.3d at 123.

Applying the test set forth above, it becomes quite clear that each of the twelve counts of the Indictment sufficiently alleges that defendant transmitted a "true threat."

Therefore, defendant's motion to dismiss the Indictment on that ground will be denied.

### 2. *"In Interstate Commerce "*

 At the outset, it should be noted that under 18 U.S.C. § 875(c), the Government need not establish that the defendant knew his communication would be transmitted in interstate commerce. *United States v. Darby,* 37 F.3d 1059, 1067 (4th Cir.1994). Thus, to the extent that defendant's motion is premised on the absence of allegations in the Indictment that defen-

dant knew the telephone calls referenced in Counts *Seven, Eight,* and *Ten,* would cross state lines, it will be denied.

Defendant also argues that there are no allegations in the Indictment that the telephone calls referenced in Counts *Seven, Eight,* and *Ten* originated outside of New York State and, thus, that they were transmitted in interstate commerce. However, in addition to the general allegations in each of the relevant counts that defendant transmitted the threats "in interstate commerce," the Indictment includes allegations in the "Introduction" section that defendant "moved out of state and began sending emails and making telephone calls containing threats to kill Morrisville State College administration and faculty members, their wives and children." (Indictment ¶ 3.) Thus, taken as a whole, the Indictment contains allegations sufficient to sustain the charges made in Counts *Seven, Eight,* and *Ten.*

Therefore, defendant's motion to dismiss Counts *Seven, Eight,* and *Ten* of the Indictment will be denied.

### B. *Motion to Suppress*

 Defendant also moves to suppress evidence obtained during the execution of a search warrant at 6110 Beech Drive, Apt. B, Indianapolis, Indiana 46224, on March 23, 2007, on the ground that there was no probable cause. Specifically, defendant contends that the affidavit provided by FBI Task Force Officer Dean in support of the search warrant application did not establish any connection between defendant and 6110 Beech Drive, Apt. B, Indianapolis, Indiana 46224.

 The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV. As a general rule, evidence obtained during an illegal search is inadmissible as evidence in an ensuing criminal prosecution. However, a magistrate's finding of probable cause is entitled to "substantial deference" and "is itself a substantial factor tending to uphold the validity of the warrant." *United States v. Jackstadt*, 617 F.2d 12, 13 (2d Cir.1980). "The reviewing court's determination should be limited to whether the issuing judicial officer had a substantial basis for the finding of probable cause." *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir.1993). There is no substantial basis for a judicial officer's finding of probable cause when it is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677 (1984) (internal quotation marks omitted).

In this case, the Dean affidavit provides two reasonably reliable bases for believing that defendant resided at 6110 Beech Drive, Apt. B, Indianapolis, Indiana 46224: the March 2007 search of the LexisNexis public records database, and the notification from the New York State Department of Labor that it was mailing defendant's unemployment payments to that address. Thus, it cannot be said that the Dean affidavit did not establish a connection between defendant and 6110 Beech Drive, Apt. B, Indianapolis, Indiana 46224, or that it is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

Therefore, defendant's motion to suppress will be denied.

## IV. CONCLUSION

Accordingly, it is

ORDERED that:

1. Defendant's motion to dismiss the Indictment, or any part thereof, is DENIED;

2. Defendant's motion to suppress evidence is DENIED; and

3. Trial is set for April 28, 2008, in Utica, New York.

IT IS SO ORDERED.