08-3845-cr (L); 08-4526-cr(Con); 08-4787(Con)
United States v. Li

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand and ten.

PRESENT:

> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*,
> MIRIAM GOLDMAN CEDARBAUM,[*]
> > *District Judge*.

_____

United States,

> > *Appellee*,

> v.                                              08-3845-cr (L);
>                                                  08-4526-cr (Con);
>                                                  08-4787-cr (Con)

Xiang Li,

> > *Defendant-Appellant.*

_____

For Appellant:                    Xiang Li, *pro se*, White Deer, PA

For Appellee:                     Richard S. Hartunian, United States Attorney
                                  for the Northern District of New York, John
                                  G. Duncan, Assistant United States Attorney
                                  Of Counsel, Syracuse, N.Y.

_____

[*]Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Xiang Li, *pro se*, appeals from his judgment of conviction on eleven counts of transmitting threats in interstate commerce, in violation of 18 U.S.C. § 875(c). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Li raises three main arguments on appeal: (1) § 875(c) is unconstitutional; (2) there was insufficient evidence that the statements upon which the charges were based constituted "true threats"; and (3) the evidence and testimony submitted at trial was forged, tampered with, and/or perjurious.

With respect to his challenge to the constitutionality of § 875(c), we are bound by our prior decisions holding that provision constitutional, as it criminalizes only true threats. *See United States v. Francis*, 164 F.3d 120, 122-23 (2d Cir. 1999); *United States v. Kelner*, 534 F.2d 1020, 1028 (2d Cir. 1976). Similarly, our precedent provides that the statute is constitutional even though there is no requirement that the Government prove that the defendant intended to carry out his threats. *See Francis*, 164 F.3d at 122-23.

In addition to reiterating that the statute of conviction is constitutional, we hold that the conviction is supported by sufficient evidence. A conviction for violation of § 875(c) is supported by sufficient evidence where a jury may find that "an ordinary, reasonable recipient who is familiar with the context of the [threat] would interpret it as a threat of injury." *United States v. Sovie*, 122

2

F.3d 122, 125 (2d Cir. 1997) (internal quotation and citation omitted) (upholding conviction where statements were telephonic threats such as "You ain't on the bus, I'm gonna kill you, got it?"). The recipients testified to the statements they received. All of the statements upon which Li was convicted included references to the recipients' death. This evidence was sufficient for the jury to find that a reasonable person would have perceived the statements as threats. *Id.* Moreover, the verdict also was supported by the evidence of prior interactions between Li and the recipients of the threats as well as testimony regarding the security measures taken as a result of the threats. *See United States v. Malik*, 16 F.3d 45, 49 (2d Cir. 1994) ("proof of the effect of the alleged threat upon the addressee is highly relevant" to a determination of whether a statement is a threat within the meaning of § 875(c)).

We now turn to Li's assertions that the evidence and testimony at trial were forged, tampered with, or perjurious—assertions he advances in various forms multiple times throughout his appellate briefs. Although we generally review evidentiary rulings under an abuse of discretion standard, *see United States v. Bell*, 584 F.3d 478, 486 (2d Cir. 2009), because the admission of the various evidence in question was not contested below, we review these claims only for plain error, *see United States v. Garcia*, 413 F.3d 201, 219 (2d Cir. 2005). Under this standard, relief is available only where there is an "(1) error, (2) that is plain, and (3) affects substantial rights, and (4) the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Bell*, 584 F.3d at 484 (quoting *United States v. Weintraub*, 273 F.3d 139, 145 (2d Cir. 2001)). Li's claims of forgery and tampering are unsupported and conclusory and mainly constitute a challenge to the credibility of the witnesses. Such allegations are insufficient to form a basis for reversal. *See United*

3

*States v. Moore*, 54 F.3d 92, 99 (2d Cir. 1995) (holding that allegations of perjury require a demonstration that the witnesses actually committed perjury).

Finally, with the exception of Li's claim of ineffective assistance of counsel, we have considered Li's remaining claims of error and determine them to be without merit. As to the ineffective assistance of counsel claim, we decline to address that claim at this time, as it is more appropriately raised in a 28 U.S.C. § 2255 proceeding. *See United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003) (noting this Court has "baseline aversion to resolving ineffectiveness claims on direct review" (internal quotations omitted)); *Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (expressing preference that an ineffective counsel claim be evaluated pursuant to a 28 U.S.C. § 2255 motion).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4