**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael David HOLT, Defendant–Appellant.**

No. 00–5904.

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

PER CURIAM.

Federal prisoner Michael Holt appeals his sentences for drug possession and drug conspiracy, arguing that they were imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He further alleges that the imposition of a four-level sentence enhancement under the Sentencing Guidelines for his role in the offense violated *Apprendi*. Finally, he challenges his conviction, alleging that he received ineffective assistance of counsel at trial. We affirm the conviction and sentence.

### I

Holt managed an extensive drug operation that imported, packaged, and distributed cocaine and marijuana in Whitley

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

County, Kentucky. A search of Holt's residence revealed a small quantity of marijuana, traces of cocaine, drug scales, and weapons. Police also searched Holt's farm and found three kilograms of cocaine buried under a stump and wrapped in a dogfood bag.

Holt was indicted by a grand jury on seven counts: (1) conspiracy to distribute over five kilograms of cocaine; (2) conspiracy to distribute over 380 kilograms of marijuana; (3) possession, with intent to distribute, of 140.59 grams of cocaine; (4) possession, with intent to distribute, of 3.28 kilograms of cocaine; (5) possession, with intent to distribute, of 110 grams of marijuana; (6) possession of a firearm by a convicted felon; and (7) criminal forfeiture of assets. The jury verdict form, at trial, contained the same drug amount specifications.

Despite the fact that the indictment specified drug amounts for the various drug-related charges, the district court instructed the jury, as was then proper, that the jury could find Holt guilty of drug possession (under § 846) and conspiracy to distribute (under § 841) if they found that Holt was responsible for any measurable amount of drugs. Holt was convicted on Counts One, Two, Three, Four, and a lesser included offense of possession of marijuana on Count Five. The jury acquitted on Count Six. Count Seven, the forfeiture count, was heard by the court, and Holt was ordered to forfeit the monies used in the transactions. The court found that the government had not proven by a preponderance of the evidence that the firearms or ammunition were used to facilitate drug transactions.

Holt was sentenced to 262 months in prison on Count One, 240 months in prison on Counts Two, Three, and Four, and 60 months on Count Five, to be served concurrently. Holt timely appealed.

## II

### 1. *Apprendi* and Plain Error

*Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), decided while this case was on appeal. famously holds that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt. The federal drug sentencing regime assigns defendants convicted of possession with intent to distribute under 21 U.S.C. § 841(a)(1), or drug conspiracy under 21 U.S.C. § 846, into one of three categories. The lowest category, 21 U.S.C. § 841(b)(1)(C), prescribes a statutory range of zero to 20 years, and may be used to sentence a defendant who has been convicted of a drug crime under §§ 841 or 846 that involves any measurable amount of a controlled substance. The second category, § 841(b)(1)(B), prescribes a range of 5–40 years if the crime involved 500 grams of cocaine; the third, § 841(b)(1)(A), prescribes a range of 10 years to life if the crime involved five kilograms of cocaine.

Holt's sentence under the first count was for 262 months, or just over 20 years. In order to sentence Holt to more than 20 years (the ceiling for § 841(b)(1)(C)) in prison in compliance with *Apprendi,* the court would have been required to submit the amount of drugs to the jury.[1] Instead,

---

**1.** Holt cannot challenge his other sentences under *Apprendi,* since they do not exceed the 20–year maximum to which a judge may sentence a defendant without a jury determination as to drug amounts. 21 U.S.C. § 841(b)(1)(C); *United States v. Ramirez,* 242 F.3d 348 (6th Cir.2001).

the trial court told the jury that they could convict Holt if they found him responsible for any measurable amount of cocaine.

However, Holt did not object to the instruction at trial, and his *Apprendi* argument is forfeited. We therefore review his claim for plain error. Fed.R.Crim.P. 52(b). The Supreme Court recently clarified the proper approach for determining whether an *Apprendi* error may be noticed under the plain error standard. *United States v. Cotton,* —— U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The court stated: "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Cotton,* 122 S.Ct. at 1785 (citations and quotations omitted).

*Cotton* established a rule for the fourth element of plain error analysis: if the evidence of drug amount is "overwhelming" and "essentially uncontroverted," then a court must find that there is "no basis for concluding that the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Cotton,* 122 S.Ct. at 1786 (quotations omitted). Although the indictment charged Holt with possession and conspiracy to distribute five kilograms of cocaine (justifying a sentence under 21 U.S.C. § 841(b)(1)(A)), in order to support Holt's sentence of just over 20 years, a jury need only have found 500 grams of cocaine. 21 U.S.C. § 841(b)(1)(B). Therefore, if the jury, having found that the conspiracy existed, surely would have also found that the conspiracy involved at least 500 grams of cocaine, we must affirm. *Cotton,* 122 S.Ct. at 1786.

The evidence against Holt, as to a 500–gram amount of cocaine, was overwhelming. Multiple witnesses testified that Holt imported cocaine in 10–kilo bundles. Witnesses testified as to the money-counting and storage procedures of the drug ring. Police made controlled buys from Holt. Three kilograms of cocaine were found in the back of Holt's residence. Drug paraphernalia, including weighing scales, were found in the house. Witness Jimmy Goley testified to purchasing five kilograms of cocaine from Holt, and to selling him 200 pounds of marijuana. Holt offered no contradictory evidence, other than a rote denial, that could lead a jury to believe that Holt was not responsible for the drug amounts adduced at trial.

■ Further, we find it significant that the jury in this case determined that Holt was responsible for five kilograms of cocaine—ten times the amount required to sustain his sentence. In *United States v. Flowal,* 234 F.3d 932, 937 n. 3 (6th Cir. 2000), the Sixth Circuit suggested that where a trial court failed to include drug quantity as an element of the offense in the body of the jury instructions, the error is harmless when a "special finding" is made by the jury as to the drug type and quantity. In the current case, the jury verdict form included a five-kilogram drug amount specification. Although we consider the error here under the plain error standard, rather than the harmless error standard discussed in *Flowal,* we think this principle good for plain error review as well: the public reputation of the courts is not drawn into question by a sentence based on the jury's verdict on a specific drug amount. Here, as in *Cotton,* "the real threat ... to the 'fairness, integrity, and public reputation of judicial proceedings'" would be if Holt, despite the overwhelming evidence of his involvement in the drug conspiracy and the jury's deter-

mination as to drug amounts, were to receive a substantially lessened sentence because of errors that he did not object to at trial. *Cotton,* 122 S.Ct. at 1787.

## 2. Constructive Amendment

Holt argues that the judge, by giving the erroneous "any amount" instruction, constructively amended the indictment, depriving him of his Fifth Amendment right to indictment by a grand jury. His argument is based on *United States v. Caldwell,* 176 F.3d 898 (6th Cir.1999). In that case, the Sixth Circuit affirmed the conviction of the defendant, who had been convicted, under 21 U.S.C. § 841(a)(1), of possession of marijuana. The grand jury indictment included an amount specification of 1000 marijuana plants. The judge gave a (then correct) instruction to the jury that any measurable amount of marijuana was sufficient for a § 841(a)(1) conviction. Caldwell appealed his conviction, on the theory that the court had violated his Fifth Amendment right to indictment by a grand jury by impermissibly widening the indictment.

The Sixth Circuit affirmed the conviction, because the panel believed that the drug amount was not an element of a § 841 conviction. *Id.* at 900. *Caldwell* is no longer good law, after *Apprendi.* Because Holt was sentenced under 21 U.S.C. § 841(b)(1)(A), the drug amounts *were* undoubtedly elements of the crimes to be charged and proven beyond a reasonable doubt. However, *Caldwell* does not *support* Holt's argument, it is merely not a reason to reject it out of hand.

■ While we recognize that there is a serious question as to whether convictions under the various federal drug sentencing statutes are, after *Apprendi,* separate crimes such that a conviction under the § 841(b)(1)(C) catch-all sentencing provision would constitute a constructive amendment of an indictment under any of the other sections, we do not find it necessary to resolve that question here. *See, e.g., Jones v. United States,* 526 U.S. 227, 251, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (sentencing subsections of 18 U.S.C. § 2119 treated as separate offenses for purposes of a constructive amendment claim because each subsection proscribed a different range of penalties). Claims of constructive amendment are subject to plain error analysis if, as here, the defendant did not object to the change at trial. *United States v. Stubbs,* 279 F.3d 402, 407 (6th Cir.2002). As above, when the jury indicates on the verdict form that the defendant is responsible for an amount of drugs that matches the drug amount specification in the indictment, we hold that the conviction does not affect the integrity or reputation of judicial proceedings. Because the jury would surely have found that Holt was guilty under § 841(b)(1)(A), for which he was indicted, we cannot notice the alleged error in the jury instructions. *Cotton,* 122 S.Ct. at 1786.

## 3. Sentencing Guidelines

Holt argues that the district court improperly enhanced his offense level by four levels for his role in the offense, pursuant to § 3B1.1 of the Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual,* § 3B1.1 (Nov. 2001). We review interpretations of the Sentencing Guidelines *de novo;* we review factual determinations for clear error. *United States v. Carroll,* 893 F.2d 1502 (6th Cir. 1990). Holt was sentenced to just over 20 years in prison. Holt argues that this four-level enhancement caused him to be sentenced to more than 20 years in prison (the maximum sentence under 21 U.S.C. § 841(b)(1)(C)) and therefore violated *Apprendi.* Because we hold that the district court did not commit plain error in sen-

tencing Holt to over 20 years in prison, and because *Apprendi* is inapplicable to the Sentencing Guidelines, we reject Holt's argument.

Holt primarily relies on the District of Columbia Circuit's opinion in *United States v. Fields,* 242 F.3d 393 (D.C.Cir. 2001). That case held that where there is proof beyond a reasonable doubt as to the leadership role of the defendant, it is not plain error for the sentencing court to fail to submit the issue to the jury. *Id.* at 398. *Fields* did also hold that *Apprendi* applied to factual determinations, such as leadership role enhancements, that increased the defendant's sentence under the Guidelines. *Ibid.* It is on this holding that Holt relies. However, the *Fields* court granted a rehearing on this issue, and stated: "*Apprendi* does not apply to sentencing findings that elevate a defendant's sentence *within* the applicable statutory maximum.... Any language to the contrary in *Fields I* is in error and is not the law of this circuit." *United States v. Fields,* 251 F.3d 1041, 1044 (D.C.Cir.2001).

*Apprendi* itself is agnostic as to whether its holding extends to the Guidelines: "The guidelines are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held." *Apprendi,* 530 U.S. at 497 n. 21. The Court had previously approved the use of the Guidelines. *See, e.g., Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). The majority of circuits that have addressed the issue have held that *Apprendi* is inapplicable to role enhancements under the Guidelines. *United States v. Gallego,* 247 F.3d 1191, 1201 (11th Cir.2001); *United States v. Jackson,* 240 F.3d 1245, 1249 (10th Cir.2001); *United States v. Caba,* 241 F.3d 98, 101 (1st Cir.2001).

■ Similar to *Fields II,* this court has held that *Apprendi* is not implicated when a judge makes a factual determination that increases the defendant's sentence, as long as the resulting sentence does not exceed the statutorily authorized maximum. *United States v. Munoz,* 233 F.3d 410, 414 (6th Cir.2000). This is, of course, correct, since *Apprendi* limits itself to cases in which a factual determination causes a judge to impose a sentence beyond the statutory maximum for the offense of conviction. We further note that *Apprendi* can *never* affect the Guidelines, because the Guidelines can never authorize a judge to impose a sentence higher than that authorized by the statute of conviction. USSG § 5G1.1(c) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence ... is not greater than the statutorily authorized maximum sentence."). We therefore reject Holt's argument that *Apprendi* is applicable to his role enhancement.

### 4. Ineffective Assistance of Counsel

Holt also claims that his trial counsel was so ineffective as to deprive him of his rights under the Sixth Amendment of the Constitution, because his counsel failed to raise an *Apprendi* objection. Generally we reserve review of such questions for post-conviction proceedings under 28 U.S.C. § 2255. *United States v. Wunder,* 919 F.2d 34 (6th Cir.1990). We may choose to review such a claim if an adequate record regarding the performance of counsel has been developed. *United States v. August,* 984 F.2d 705, 711 (6th Cir.1992). In this case, Holt's contention is straightforward: he argues that his attorney should have objected to the jury instruction. There is little that a developed record would add to this question.

The Supreme Court set forth the governing standard for ineffective assistance claims in *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* the defendant must show that (1) defense counsel engaged in unprofessional behavior so egregious as to deprive the defendant of assistance of counsel, and (2) that he was prejudiced by the error. If trial counsel fails to subject the government's case to meaningful adversarial testing, prejudice is presumed. *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Because trial counsel presented a vigorous and competent defense, we apply the *Strickland* rather than the *Cronic* framework for analysis. *Bell v. Cone,* —— U.S. ——, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

We reject Holt's ineffective assistance claim. *Apprendi* had not been decided by the time of trial. Prescience is not a requirement of competent legal performance. Holt argues that his counsel should have been warned of the advent of *Apprendi* by *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), in which a footnote indicated that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones,* 526 U.S. at 243 n. 6. However, at the time of trial, *Caldwell* was still law: all of the elements of the § 841 and § 846 violations as charged were included in the indictment, presented to the jury, and were determined beyond a reasonable doubt. In order to raise an objection, therefore, counsel would have been required to make an argument that flouted clearly established precedent in this Circuit. We therefore conclude that Holt's counsel did not act so incompetently as to deprive his client of the assistance of counsel.

## III

For the above reasons, we AFFIRM the judgment of the district court.